UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PENN NATIONAL MUTUAL CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>TRANE, U.S., INC., et al.,<br><br>Defendants. | Civil Action No.: 15-cv-2320 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court upon the objections (ECF No. 18) of Defendant Trane, U.S., Inc. ("Trane") to the Report and Recommendation of Magistrate Judge James B. Clark, III (ECF No. 17), which denied Trane's motion to transfer venue from the District of New Jersey to the Eastern District of North Carolina (ECF No. 11). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court declines to adopt Judge Clark's Report and Recommendation.

## II. BACKGROUND

This action arises out of a fire in Duck, North Carolina, which caused significant property damage. Plaintiff Penn National Mutual Casualty Insurance Company ("Plaintiff" or "Penn National") filed a complaint in the District of New Jersey on April 2, 2015 against Defendants Trane and Norris Mechanical, alleging that the direct and proximate cause of the fire was a malfunctioning HVAC unit. The HVAC unit was manufactured by Trane and installed by Norris Mechanical. In Plaintiff's complaint sounding in negligence, breach of warranty, and products

liability, Plaintiff stated that venue in the District of New Jersey is proper "in that Trane resides within this district and the product was . . . designed, assembled, manufactured and distributed from this district." See Compl., ECF No. 1, ¶ 9.

On June 1, 2015, Trane moved to transfer venue to the Eastern District of North Carolina (ECF No. 11). Penn National opposed Trane's motion (ECF No. 15). On that same date, Norris Mechanical moved to dismiss for lack of personal jurisdiction, or, in the alternative, to transfer venue (ECF No. 7). On June 5, 2015, Plaintiff agreed to the dismissal of Norris Mechanical, without prejudice, which this Court so-ordered on June 10, 2015 (ECF No. 14).

On July 23, 2015, Judge Clark issued a Report and Recommendation, recommending that Trane's motion be denied ("R&R," ECF No. 17). Judge Clark noted that the Court should give significant weight to Plaintiff's choice of forum. See R&R at 4. Additionally, Judge Clark determined that transfer was not warranted, because New Jersey is a convenient forum for "both" parties, some witnesses will have to travel regardless of whether the matter is heard in New Jersey or North Carolina, documents can be transported to either forum, and New Jersey has a strong interest in deterring the manufacture and distribution of defective products from this State. See R&R at 4-5.

Trane filed objections to Judge Clark's Report and Recommendation on July 29, 2015 ("Obj.," ECF No. 18). Trane argued that the Eastern District of North Carolina was the only venue where all parties can be joined in the action and that the Report and Recommendation did not address Trane's contribution rights against Norris Mechanical, whom this Court dismissed without prejudice.

### III. LEGAL STANDARD

When a Magistrate Judge addresses dispositive motions, the Magistrate Judge submits a

Report and Recommendation. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). On dispositive motions, the district court must make a de novo determination of the portions of the Magistrate Judge's Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). A Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

## IV. DISCUSSION

Judge Clark determined that Trane's motion to transfer venue should be denied, without analyzing Trane's argument that the Eastern District of North Carolina is the only venue where Trane can assert its contribution rights against Norris Mechanical and thus avoid duplicative litigation. Accordingly, this Court declines to adopt Judge Clark's Report and Recommendation.

Trane's Objection to the Report and Recommendation is that Judge Clark did not consider how venue in this District will affect Trane's contribution rights against Norris Mechanical. Namely, Trane argues that because "Norris Mechanical is a North Carolina Limited Liability Corporation that only does business in North Carolina, and has no ties to New Jersey . . . [t]his Court has no personal jurisdiction over Norris Mechanical." See Obj. at 3. Plaintiff responds that this Court has "ancillary jurisdiction"[1] over Norris Mechanical, even though the company was voluntarily dismissed from the main action. See Plaintiff's Response Br. at 2-3, ECF No. 22. Plaintiff cites Schwab v. Erie Lackawanna Ry. Co., 438 F.2d 62, 65 (3d Cir. 1971) for this

---

[1] "Ancillary" jurisdiction is now more commonly referred to as "supplemental" jurisdiction.

3

proposition. Id.

Pursuant to 28 U.S.C. § 1367(a), a federal court has jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Supreme Court's "unanimous" reading of § 1367(a) is that it "permit[s] pendent-party jurisdiction in federal-question cases . . . ." In cases where the court's original jurisdiction is based on diversity of the parties, the Third Circuit has noted that "§ 1367 grants that court supplemental [ancillary] jurisdiction over sufficiently related claims." Shah v. Hyatt Corp., 425 Fed. App'x 121, 124 (3d Cir. 2011). Accordingly, it appears that the Court would have supplemental jurisdiction over Trane's contribution claims against Norris Mechanical in the District of New Jersey.

However, even where supplemental jurisdiction exists over a claim, the impleaded defendant still retains its defense of lack of personal jurisdiction. See, e.g., Hudson Cnty. Carpenters Local Union No. 6 v. V.S.R. Const. Corp., 127 F. Supp. 2d 565 (D.N.J. 2000) (granting motion to dismiss because although court had supplemental jurisdiction over third-party defendants it lacked personal jurisdiction over them); Rout v. Mobil Oil Corp., No. 82 Civ. 7602-CSH, 1985 WL 2151, at *1 (S.D.N.Y. July 26, 1985), aff'd, 800 F.2d 1128 (2d Cir. 1986) (noting that in the Second Circuit, "it is well-established that such ancillary jurisdiction may not be employed to eliminate the need for establishing an independent basis of personal jurisdiction over impleaded defendants").

Although the Report and Recommendation noted that "Trane submits that only the Eastern District of North Carolina can exercise personal jurisdiction over all parties to be joined in the action," the Report and Recommendation did not analyze this issue. See R&R at 5. Accordingly, the Report and Recommendation only considered whether New Jersey is a convenient forum for

4

Plaintiff and Trane, without taking into account whether this choice of forum would result in duplicative litigation in the Eastern District of North Carolina. As such, the Court remands the Report and Recommendation with instructions to consider the effect of Trane's contribution arguments on the motion to transfer venue.

Additionally, the Court notes that Trane submitted documents (ECF No. 21) subsequent to Judge Clark's Report and Recommendation that appear to show Trane's principal place of business was located in Davidson, North Carolina—and not Piscataway, New Jersey—at the time Plaintiff filed its complaint. Although this information was not before Judge Clark at the time he issued his Report and Recommendation, Judge Clark should consider this factor on remand.

## V. **CONCLUSION**

Having thoroughly reviewed Judge Clark's Report and Recommendation and Trane's objections thereto, this Court hereby declines to adopt Judge Clark's Report and Recommendation. An appropriate Order accompanies this Opinion.

Dated: December 21, 2015

CLAIRE C. CECCHI, U.S.D.J.