UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PENN NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, | : : : | Civil Action No. 15-2320 (CCC) |
| Plaintiff, | : : | REPORT AND RECOMMENDATION |
| v. | : : | |
| TRANE, U.S., Inc., et al., | : : | |
| Defendant. | : : | |

**CLARK, United States Magistrate Judge**

On remand from the Honorable Claire C. Cecchi, U.S.D.J, is Defendant Trane U.S. Inc.'s ("Trane") Motion to Transfer Venue from the District of New Jersey to the Eastern District of North Carolina [Docket Entry No. 11] to "consider the effect of Trane's contribution arguments" and evidence showing that Trane's principal place of business is located in Davidson, North Carolina. [Docket Entry No 23]. Upon consideration, and for the reasons that follow, this Court recommends that Trane's Motion to Transfer Venue from the District of New Jersey to the Eastern District of North Carolina be GRANTED.

**I. BACKGROUND**

As the parties and the Court are familiar with the facts underlying this action[1], only the facts pertinent to the issues on remand will be addressed. On July 29, 2015, Trane filed its Objection to the Report and Recommendation arguing that this Court did not properly consider

---

[1] The facts relevant to this motion stated herein are taken from the District Court's prior Report and Recommendation issued in this case. [*See* Docket Entry No. 17].

1

Trane's right to contribution against Norris Mechanical[2]. [*See* Docket Entry No. 18]. Trane's right to contribution against these entities arises from New Jersey's Joint Contribution Tortfeasors Act, N.J. Ct. R. 4:7-5(b). Since the Joint Tortfeasors Contribution Act is subject to the mandatory joinder rule, N.J. Ct. R. 4:30-A, Trane implies that it must assert its contribution claims in the current action or risk losing them. But, Norris Mechanical is a North Carolina Limited Liability Corporation that does business solely in North Carolina. [*See* Docket Entry No. 7-1]. As such, Trane posits that it lacks personal jurisdiction over Norris Mechanical in New Jersey and cannot assert its contribution claims here.

Even if Trane's contribution claims are preserved, Trane contends that it would be forced to litigate its contribution claims against Norris Mechanical in North Carolina—giving rise to duplicative litigation in New Jersey and North Carolina. On the other hand, if this matter is transferred, witnesses in North Carolina would not need to travel and out of state witnesses would only have to travel once, to North Carolina. Trane further argues that transfer would drastically reduce the expenditure of resources and burden on the parties, witnesses, and the Court.

Lastly, Trane has presented information showing that Trane moved its headquarters and principal place of business from Piscataway, New Jersey, to Davidson, North Carolina in June 2013—almost a full year prior to the fire at issue in this case. [*See* Docket Entry No 21].

## II. <u>LEGAL STANDARD</u>

Section 1404(a) allows the District Court to transfer a civil action to any other district where venue is proper "[f]or the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a). The moving party bears the burden of establishing both the need for transfer

---

[2] Plaintiff initially brought a negligence claim against Norris Mechanical, but filed a notice of voluntary dismissal without prejudice on June 5, 2015, pursuant to FED. R. CIV. P. 41(a)(1)(A)(i). The Honorable Claire C. Cecchi, U.S.D.J. issued an Order dismissing Norris Mechanical on June 10, 2015. [See Docket Entry Nos. 13, 14].

2

and that transfer is appropriate. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). "The Court has broad discretion in making determinations under Section 1404(a), and convenience and fairness are considered on a case-by-case basis." *Santi v. Nat'l Bus. Records Mgmt., LLC*, 722 F. Supp. 2d 602, 606 (D.N.J. 2010).

When deciding 1404(a) motions, the Court is not limited to the factors outlined in the statute; the Court may consider a balancing of private and public factors, including:

> [P]laintiff's forum preference...; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses -- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum);…the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80 (internal citations omitted).

## III. DISCUSSION

This Court finds that transfer of venue is appropriate in this action. As an initial matter, Trane is unlikely to obtain personal jurisdiction in New Jersey over Norris Mechanical, requiring a second action on the same facts and circumstance. Pursuant to the Declaration of Norris Mechanical's Owner, Hersey Norris, Norris Mechanical is a limited liability company organized and existing under the laws of North Carolina. [*See* Docket Entry No. 7-1]. Norris Mechanical engages in business only in North Carolina and does not engage in any business in New Jersey. [*See id.*] Moreover, the work performed by Norris Mechanical related to this action occurred in North Carolina. [*See id.*] As such, personal jurisdiction over Norris Mechanical is unlikely in New Jersey, necessitating duplicative litigation in North Carolina.

3

Because Trane would need to institute a second action in North Carolina to preserve its contribution claims against Norris Mechanical, the interest of justice weigh in favor of transfer. "[I]t is in the interests of justice to permit suits involving the same parties and issues to proceed before one court and not simultaneously before two tribunals." *See Liggett Group Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 537 (D.N.J. 2000) (citations omitted). And transfer has significant benefits: promoting judicial efficiency; conducting pre-trial discovery in a more orderly manner; saving witnesses the time and expense of appearing in more than one court; and eliminating expense and the possibility of inconsistent results. *See Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 487 (D.N.J. 1993); *Pall Corp. v. Bentley Labs., Inc.*, 523 F. Supp. 450, 453 (D. Del. 1981). As the same benefits would inure in this matter, the interests of justice weigh in favor of transfer. If this action is transferred, the witnesses involved in this action would only need to travel to North Carolina once—and not to both North Carolina and New Jersey for two separate litigations on the same facts. Discovery would only need to be conducted once, and the possibility of inconsistent results is eliminated.

Similarly, the private interests weigh in favor of transfer. While the plaintiff's choice of forum is of 'paramount concern" that "should not be lightly disturbed", that choice is "simply a preference", not a right. *See Liggett Group Inc.*, 102 F. Supp. 2d at 529-30 (citations omitted). Deference to the choice of forum is curbed where the plaintiff has not chosen a home forum and/or the forum has little connection with the operative facts of the lawsuit. *See id.* Here, Plaintiff (a Pennsylvania company) has not chosen its home forum, and the events giving rise to this litigation did not occur in New Jersey. Indeed, at the time the fire took place, Trane's principal place of business and headquarters was located in North Carolina—not New Jersey. As such, there is no indication that the manufacture or distribution of the malfunctioning HVAC unit occurred in New

4

Jersey. The malfunctioning HVAC unit was also located in North Carolina and the evidence from the scene of the accident is stored in a warehouse in North Carolina. As such, the private interests weigh in favor of transfer.

Finally, the public interests also weigh in favor of transfer. Trane's principal place of business and headquarters is located in North Carolina. North Carolina, therefore, has a compelling interest in regulating the conduct of business in its state. *See Honeywell*, 817 F. Supp. at 486. Moreover, New Jersey has little interest in adjudicating a matter concerning conduct which occurred predominately outside of the State of New Jersey. *See Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 526 (D.N.J. 1998).

Accordingly, this Court finds that New Jersey is an inconvenient forum and respectfully recommends that Trane's Motion to Transfer Venue be granted.

## IV. CONCLUSION AND ORDER

In light of the foregoing, and the Court having considered this matter pursuant to FED. R. CIV. P. 78;

**IT IS** on this **4th** day of **August 2016**,

**RECOMMENDED** that Trane's Motion to Transfer Venue be GRANTED.

The parties are advised that they may file any objections within 14 days of the date of this Order pursuant to FED. R. CIV. P. 72(b)(2).

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**